United States District Court
Southern District of Texas

**ENTERED**
July 22, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| HEATHER NEISEN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00088 |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Heather Neisen, appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. Nos. 1, 2.)  She sues Nueces County, the City of Corpus Christi, and the Corpus Christi Police Department.  Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  Pursuant to the Court's instructions (Doc. No. 10), Plaintiff responded to a questionnaire, providing more details about her claims.  (Doc. No. 15.)  Broadly stated, Plaintiff alleges that law enforcement officials and the Nueces County courts failed to prosecute her ex-husband and that she was subjected to a false criminal case in retaliation for reporting his alleged criminal conduct and complaint about harassing police officers.  *See generally* Doc. No. 2, p. 4; Doc. No. 15.  For the reasons discussed below, the undersigned recommends that Plaintiff's case be DISMISSED.

### A.  Plaintiff's factual allegations.

Plaintiff's factual allegations are drawn from her complaint (Doc. Nos. 1, 2) and her response to the Court's questionnaire (Doc. No. 15).  The undersigned assumes for purposes of screening that all of Plaintiffs' factual allegations are true.

1 / 20

Plaintiff's complaint centers around reports of misconduct that she made to law enforcement. In response to the Court's questionnaire, Plaintiff states that she reported misconduct by her ex-husband (whose initials are MR) to the Corpus Christi Police Department and the Nueces County District Attorney's Office. (Doc. No. 15, p. 1 ¶ 1(e).) MR's misconduct allegedly included "sexual assault, attempted/threatened murder by asphyxiation," "custodial interference," and "endangerment of minor children." *Id.* ¶ 1(b). Plaintiff's reports began in 2005, when she reported that she was raped by MR; she also reported rape in 2009, and again in 2016 "after moving to [Tennessee] from the last physical altercation (07/03/2016)." *Id.* ¶¶ 1(c), 2(a). Liberally construing Plaintiff's allegations, Plaintiff reported being raped on three separate occasions, all by MR, at two different locations in Corpus Christi. *See id.* ¶ 2(b). Corpus Christi police, according to Plaintiff, were dismissive in their responses; their responses, she says, excused MR's actions of neglect, contempt, and custodial interference. (Doc. No. 15, p. 1 ¶ 1(f).) After at least one of Plaintiff's reports, an unnamed Corpus Christi police officer allegedly told Plaintiff: "it's not rape if you are married." (Doc. No. 2, p. 4.)

The Nueces County District Attorney's Office apparently presented Plaintiff's July 2016 rape allegation to a state grand jury in April 2022. *See* Doc. No. 2, p. 4; Doc. No. 15, p. 1 ¶ 2(c). According to Plaintiff, the charge was heard by the grand jury "without due process and was dismissed without reasoning." (Doc. No. 2, p. 4.) Plaintiff states that "[s]omeone at the District Attorney's office" told her by telephone on an unspecified date that the sexual assault incident "was presented to a grand jury through a 'secret meeting' and they decided to dismiss charges." (Doc. No. 15, p. 1 ¶ 2(c).) Plaintiff states that she was never informed of a court date nor given a chance to be heard. The case, she says, was dismissed "without going through the proper channels, allowing the victim to be heard. This is not justice." *Id.* In response to the Court's

2 / 20

question, Plaintiff states that she believes that grand juries "need to have transparency and give reasoning. The members of this 'grand jury' are unnamed or disclosed to me. Who are they? Why would they have any say over what happens with this case without hearing testimony?" *Id.* ¶ 2(f).[1]

In July 2022, Nueces County and the City of Corpus Christi allegedly brought a false criminal case against Plaintiff for "custodial interference." (Doc. No. 15, p. 2 ¶ 5(c).) Plaintiff states that the city and county "conjured a false warrant" (an arrest warrant) and that the charge was brought "from retaliation of reporting abuse and seeking assistance, as well as making a complaint about a harassing officer." (Doc. No. 2, p. 4; *see also* Doc. No. 15, p. 2 ¶ 4(a).) Corpus Christi police detective Luis Villagomez allegedly wrote a false police report which triggered the criminal case. (Doc. No. 15, p. 2, ¶¶ 4(c), 5(c).) The case was brought in Nueces County court, Plaintiff alleges. *Id.* ¶ 5(d). Plaintiff states that she did not learn of the arrest warrant until April 2023. *Id.* ¶ 4(b). She was never arrested, and she was not taken to court. *Id.* ¶¶ 4(d)(i), 4(d)(iii). The case was eventually dismissed for "lack of evidence." *Id.* ¶ 5(e). Plaintiff states that she had to pay $5000 to a private attorney to speak to the District Attorney or the prosecutor, "who in turn dropped these falsified charges, citing no evidence." *Id.* ¶ 4(d)(ii). She had to pay another attorney $2000 to have the charges expunged from her record. *Id.*

The false criminal charge, Plaintiff alleges, was the product of retaliation for "reporting abuse and seeking assistance, as well as making a complaint about a [harassing] officer." (Doc. No. 2, p. 4.) Plaintiff explains that she was retaliated against for "reporting misconduct, obstruction of justice, and conducting welfare checks." (Doc. No. 15, p. 2 ¶ 6(a).) Plaintiff

---

[1] *Sic.* Plaintiff may have misnumbered her questionnaire responses – it appears that she was responding to question 3(f).

states that she had been reporting abuse by MR in the form of "withholding my children (custodial interference), neglectful supervision, consumption of alcohol around minors, violation of morality clause, stalking." *Id.* ¶ 6(c). Plaintiff also states that she had been reporting abuse by 12 different Corpus Christi police officers or employees (identified by Plaintiff only with their email addresses), the District Attorney's Office, the then-District Attorney himself, the County Attorney's Office, and someone named Sabrina Solano: the reported abuse by these people included "failure to intervene with custodial interference, failure to protect, obstruction of justice, harassment, stalking." *Id.* at 2-3 ¶ 6(c). According to Plaintiff's questionnaire response, all of this abuse by all of these people occurred on July 1, 2022, through phone and email. *Id.* at 3 ¶ 6(d). Plaintiff's reports of the abuse by these people occurred between July 1 and July 8, 2022. *Id.* ¶ 6(e). The "harassing officers" of whom Plaintiff was allegedly complaining were Detective Villagomez and Lieutenant Sergio Delgado, "plus their superiors ok'ing their behaviors." *Id.* ¶ 6(f); *id.* at 12 ¶ 13(b). Lieutenant Delgado, Plaintiff alleges, "showed up at my condo on 07/05/2022 and harassed my husband" in an unspecified manner. *Id.* at 12 ¶ 13(b). Asked in the questionnaire to state her direct evidence that each person who retaliated against Plaintiff had a motivation to retaliate against her for exercising her constitutional rights, Plaintiff responded, simply: "Direct evidence." *Id.* ¶ 6(i).

### B. Plaintiff's legal claims and requested relief.

The named defendants in this lawsuit are Nueces County, the Corpus Christi Police Department, and the City of Corpus Christi. (Doc. No. 2, p. 1.) Liberally construed, Plaintiff raises several legal claims in this lawsuit.

With regard to Nueces County, Plaintiff alleges that the county "failed to provide due process for alleged custodial interference and sexual assault." (Doc. No. 15, p. 3 ¶ 7(a).) The

4 / 20

people who specifically violated Plaintiff's rights, she alleges, were the "District Attorneys and Prosecutors and 'grand jury.'" *Id.* ¶ 7(b). She contends that her First, Fifth, and Fourteenth Amendment rights were violated because she was deprived of protection from reporting misconduct and abuse. She says: "My rights protect me from government interference or retaliation based on exercising free speech. It means that the government cannot punish or retaliate against individuals for expressing their opinions, beliefs, or viewpoints, regardless of whether others find those expressions offensive or controversial." *Id.* at 3-4 ¶ 7(c).

With regard to the City of Corpus Christi, Plaintiff alleges that the city "has employed unqualified DCFS workers[2], police officers and others who've violated my children and my rights as a parent and citizen." (Doc. No. 15, p. 4 ¶ 8(a).) "DCFS," Plaintiff alleges, "failed to conduct investigations and report back results properly, alleging that I made sexual abuse allegations, when I did not." *Id.* ¶ 8(b). Plaintiff alleges that her First, Fourth, and Fifth Amendment rights were violated. The First Amendment, Plaintiff alleges, protects her from harassment in the form of speech that may become "so pervasive that it creates a hostile environment, particularly in cases of harassment based on protected characteristics like race, gender, or religion." *Id.* The Fourth Amendment "can be relevant in cases of harassment if it involves unwarranted intrusion into a person's private affairs." *Id.* And Plaintiff asserts that the Fifth Amendment requires due process including "procedural safeguards to ensure fairness in legal proceedings. In cases of harassment, individuals have the right to due process if the harassment leads to legal action, such as civil lawsuits or criminal charges." *Id.*

With regard to the Corpus Christi Police Department, Plaintiff appears to lodge the same allegations that she levels against the city. She specifically contends that Detective Villagomez

---

[2] Plaintiff does not specify what "DCFS" stands for.

and Lieutenant Delgado and the "supervisory chain of command (Chris Markle)" are responsible for the violations of her rights.  (Doc. No. 15, p. 4 ¶ 9(a).)

Plaintiff states in her complaint that the Court has jurisdiction to consider her claim for "false warrant/arrest" under 42 U.S.C. § 1983.  (Doc. No. 2, p. 3.)

Plaintiff also asserts in her complaint that this Court possesses jurisdiction over her case for "[f]ailure to adhere to due process for 18 U.S. Code 2242."  (Doc. No. 2, p. 3.)  Section 2242 is the federal criminal sexual abuse statute.  In the questionnaire, Plaintiff was asked whether she was claiming that § 2242 gives her the right to sue, to have someone criminally prosecuted. (Doc. No. 10, p. 5 ¶ 10(a).)  In her response, Plaintiff replied merely that she had "the right to sue without fear of retaliation." *See* Doc. No. 15, p. 4 ¶ 10(a).  Asked whom she was claiming should be criminally prosecuted, and why, Plaintiff responded: "[MR], Lt. Delgado, District Attorney, City of Corpus Christi, Nueces County, Det. Villagomez, DCFS for assault, harassment, fail to provide due process, and properly conduct investigations and falsifying documents (libel, defamation and slander)." *Id.* ¶ 10(b).

Plaintiff also asserts in her complaint that this Court has jurisdiction to consider her case pursuant to 28 U.S.C. § 2680 for "abuse of process."  In the questionnaire, the Court pointed out that § 2680 is part of the Federal Tort Claims Act, and asked Plaintiff why she believes that law applies in her case.  (Doc. No. 10, p. 5 ¶ 11.)  Plaintiff responded that she does not seek to sue the federal government or any federal employee, only "individual, local, city and county."  (Doc. No. 15, p. 4 ¶¶ 11(a), 11(b).)  She added that the "abuse of process" she alleges is "false records by DCFS, CCPD and Nueces County Court workers and not allowing for due process through court appearance and testimony." *Id.* ¶ 11(c).

6 / 20

As relief, Plaintiff requests restitution from each listed defendant (the police department, the county courts, and the city) of $1.5 million.  (Doc. No. 2, p. 5.)  She also requests a public apology from each, as well as a restraining order protecting her and her children, pets, and property.  *Id.*  The restitution, Plaintiff states, is for "pain and suffering, attorney expenses, [lost] wages, travel, loss of employment for false felony charges."  (Doc. No. 15, p. 5 ¶ 12(a).)

### C.  Legal standard for screening.

When a plaintiff seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).  A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted).  "The issue is not whether the plaintiff will

ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must allege sufficient facts in support of her legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed.  *Id*.  Furthermore, as Plaintiff proceeds *pro se*, the Court construes her complaint liberally in her favor.  *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines*, 404 U.S. at 520).

Title 42, United States Code, section 1983, provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived her of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (*per curiam*).

### D. Discussion.

The Court does not doubt the sincerity of Plaintiff's belief that the defendants have violated her civil rights. Nevertheless, as discussed below, Plaintiff's allegations do not state a viable claim for any federal civil rights violation.

### 1. Failure to investigate or prosecute.

The district court should dismiss Plaintiff's claim that the defendants wrongfully failed to prosecute MR for the alleged rapes or sexual assaults, interference with child custody,[3] or any other crime. Plaintiff does not have a constitutional right to have someone else prosecuted, so any failure to prosecute MR does not amount to a violation of Plaintiff's constitutional rights. *See Morrison v. Dallas Cnty. Human Sex Trafficking Task Force*, No. 3:23-CV-2046-N-BH, 2023 WL 9231399, at *5 (N.D. Tex. Dec. 6, 2023), *adopted*, 2024 WL 150506 (N.D. Tex. Jan. 12, 2024) (citing *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (plaintiff failed to state a claim for failure to file criminal charges under § 1983 because there is no constitutional right to have someone criminally prosecuted).

Similarly, Plaintiff does not have a constitutional right to have someone else investigated, criminally or otherwise. *See Starrett v. City of Richardson, Tex.*, 766 F. App'x 108, 111 (5th Cir. 2019) (citing *Oliver*, 914 F.2d at 60). Thus, Plaintiff's claims that the District Attorney and "DCFS" (presumably a child protective agency) wrongfully failed to investigate MR, or that they failed to investigate him or his conduct properly, should be dismissed.

---

[3] Interference with child custody is a state jail felony in Texas. *See* Tex. Penal Code § 25.03.

### 2. *Grand jury proceedings.*

Plaintiff's allegation that the grand jury proceedings involving the rape allegations against MR were wrongly kept secret fails to state a viable claim. Plaintiff states that the "grand jury needs to have transparency and give reasoning" for not indicting MR, *see* Doc. No. 15, p. 1, but there is no constitutional right to access to grand jury proceedings. To the contrary, the Supreme Court has emphasized the importance of secrecy of grand jury proceedings. *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218-19 (1979) ("[T]he proper functioning of our grand jury system depends on the secrecy of grand jury proceedings.")).

Plaintiff states that she was not given the opportunity to be heard by the grand jury. (Doc. No. 15, p. 1 ¶ 2(c).) But there is also no constitutional right to testify before a grand jury. *See Thompson v. City of Galveston*, 979 F. Supp. 504, 510-11 (S.D. Tex. 1997) (claim that district attorney violated plaintiff's constitutional rights when he refused to allow a particular witness to testify before grand jury "fails to allege the violation of any constitutional right at all"); *cf. United States v. Donahey*, 529 F.2d 831, 832 (5th Cir. 1976) (accused has no right to testify at grand jury proceedings to state his or her case).[4] Plaintiff contends that she has a right to "due process," but she simply had no constitutional right to testify before a grand jury, and so the grand jury's consideration of the criminal charge against MR without receiving testimony from Plaintiff did not violate any legally cognizable interest of Plaintiff's.

---

[4] The federal Crime Victims Rights Act, 18 U.S.C. § 3771(a)(3), contemplates victims' right not to be excluded from "public" court proceedings, but it does not allow victims to attend or testify at grand jury proceedings. *See* 150 Cong. Rec. 22,951 (statement of Sen. Kyl) ("the right is limited to public proceedings, thus grand jury proceedings are excluded from the right").

To the extent Plaintiff's allegations could be construed as a claim against the grand jurors themselves for wrongfully failing to indict MR, that claim would fail as well, because jurors acting within the scope of their duties enjoy absolute immunity from suit. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009).

### 3. *False criminal case and arrest warrant.*

Plaintiff alleges that the City of Corpus Christi and Nueces County "conjured a false warrant." (Doc. No. 2, p. 4.)  This arrest warrant, Plaintiff says, led to a felony criminal case against her for interference with child custody. *Id.*, Doc. No. 15, p. 2 ¶ 4(d).  Detective Villagomez was the individual who initiated the allegedly falsified warrant.  Doc. No. 15, p. 2 ¶ 4(c).  Plaintiff states that she learned of the warrant in April 2023, and that she had to pay $5000 to an attorney to have the charge dropped, and another $2000 to another attorney to have the charge expunged from her record. *Id.* ¶¶ 4(b), 4(d)(iii).  She was never arrested or taken to court on the charge. *Id.* ¶¶ 4(d)(i), 4(d)(iii).  The undersigned liberally construes Plaintiff's claim as based on the Fourth, Fifth, and Fourteenth Amendments, and that she also intends to sue the unnamed state judge who issued the arrest warrant, as well as Detective Villagomez, who allegedly sought the arrest warrant. *See* Doc. No. 15, p. 4 ¶¶ 8(b), 9(a).

To the extent Plaintiff seeks to sue the unnamed state judge or magistrate who allegedly issued the arrest warrant, she cannot do so. "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x 54, 55 (5th Cir. 2003) (citing *Mays v. Sudderth,* 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 294 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles*

*v. Waco*, 502 U.S. 9, 11 (1991).  "[J]udicial immunity cannot be overcome even by allegations of bad faith or malice; judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'"  *Ceasar v. Methvin*, No. CV 6:17-0476, 2017 WL 2486373, at *2 (W.D. La. Apr. 21, 2017), *adopted*, 2017 WL 2509655 (W.D. La. June 8, 2017) (citing *Mireles*, 502 U.S. at 11).  Issuance of an arrest warrant in Texas is a judicial function.  *See* Tex. Code Crim. Proc. arts. 15.01, 15.02(3).  Thus, the district court should dismiss Plaintiff's claim regarding her arrest warrant, to the extent she seeks to bring suit against the judge who issued it.

Similar immunity shields the district attorney and any prosecutor who participated in the bringing of the criminal case against Plaintiff.  "Prosecutors have absolute immunity from suit for actions performed within the scope of their prosecutorial duties."  *Walker v. Mississippi*, No. 21-60442, 2021 WL 4618467, at *1 (5th Cir. Oct. 6, 2021) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420-24, 431 (1976)). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."  *Boyd*, 31 F.3d at 285.  Plaintiff's allegations, to the extent they can be construed as claims against the Nueces County District Attorney or any prosecutor in that office, all relate to how the criminal case against her was brought.  Because Plaintiff points to no actions that any prosecutor performed outside the scope of his or her prosecutorial duties, all claims against prosecutors or the District Attorney's Office are barred by prosecutorial immunity.

The district court should also dismiss Plaintiff's bid to sue for malicious prosecution.  In *Thompson v. Clark*, __ U.S. __, 142 S. Ct. 1332, 1337 (2022), the Supreme Court recognized a Fourth Amendment cause of action for malicious prosecution under § 1983.  The court identified three minimum elements to such claims.  First, the prosecution must have been instituted without any probable cause.  Second, the motive in instituting the prosecution must have been malicious.

Third, the prosecution must have terminated in favor of the accused.  But for any Fourth Amendment malicious prosecution action to proceed, *Thompson* also requires that there have been a "seizure" of the plaintiff.  *See Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (quoting *Thompson*, 142 S. Ct. at 1337 n.2); *Jones v. York*, 34 F.4th 550, 564 n.8 (7th Cir. 2022).  In this case, it is undisputed that no "seizure" occurred: Plaintiff states that she was never arrested.  (Doc. No. 15, p. 2 ¶ 4(d)(i).)  Therefore, she cannot bring a viable Fourth Amendment malicious prosecution claim.

Nor can Plaintiff use § 1983 to bring a malicious prosecution claim under the Fourteenth Amendment's Due Process Clause.  If construed as a procedural due process allegation, Plaintiff's claim fails because Texas law provides an adequate post-deprivation remedy: the state recognizes a tort cause of action for malicious prosecution.  *See Kroger Texas Ltd. v. Suberu*, 216 S.W.3d 788, 792-93 (Tex. 2006).  Because a state cause of action for malicious prosecution was available, Plaintiff cannot bring such a claim in federal court.  *See Albright v. Oliver*, 510 U.S. 266, 283-84 (1994) (Kennedy, J., concurring) (a state actor's random and unauthorized deprivation of a due process interest cannot be challenged under § 1983 if the State provides an adequate post-deprivation remedy).  If construed as a substantive due process allegation, Plaintiff's claims likewise fails, because a more specific constitutional provision provides the rights at issue.  *See id.* at 273.  "In those situations, the specific provision, 'not the more generalized notion of substantive due process,' better guides analysis of a plaintiff's claims." *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (quoting *Albright*, 510 U.S. at 273 (cleaned up)).  In this case, Plaintiff's substantive due process rights are protected by the existence of a Fourth Amendment cause of action for malicious prosecution: because Plaintiff fails to plausibly allege such a Fourth Amendment violation, her substantive due process claim

13 / 20

fails as well. The district court should therefore dismiss Plaintiff's malicious prosecution claim against Detective Villagomez without prejudice to her attempting to raise such a claim in state court.[5]

### 4. Retaliation.

Plaintiff also alleges that criminal charge to which she was subjected, for custodial interference, was falsely brought as retaliation for her reporting of MR's alleged rape and interference with child custody, as well as for her making a complaint about "harassing" officers (Detective Villagomez and Lieutenant Delgado).  (Doc. No. 2, p. 4.)  In response to the Court's questionnaire, Plaintiff states that the retaliation was committed by Detective Villagomez, Lieutenant Delgado, and their unnamed supervisors at the police department "ok'ing their behaviors."  (Doc. No. 15, p. 3 ¶ 6(h).)  The district court should dismiss this claim.

"The First Amendment generally prohibits government officials from retaliating against an individual for engaging in protected speech." *Chalmers v. City of Dallas*, No. 3:22-CV-585G-BK, 2022 WL 17039086, at *6 (N.D. Tex. Nov. 16, 2022), *adopted*, 2022 WL 17069571 (N.D. Tex. Nov. 17, 2022) (citing *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019)).  To state a viable First Amendment retaliation claim, a plaintiff must plausibly allege that she engaged in constitutionally protected activity, that the officer's actions injured the plaintiff such that the action would chill a person of ordinary firmness from continuing to engage in that activity, and the officer's allegedly unlawful actions were substantially motivated by the officer's opposition to the plaintiff's constitutionally protected conduct.  *Chalmers*, 2022 WL 17039086, at *6 (citing *Alexander v. City of Round Rock*, 854 F.3d 298, 308 (5th Cir. 2017)).

---

[5]  See section D.7 and footnote 6, below, for additional discussion.

14 / 20

Even assuming Plaintiff's complaints of criminal activity and other misconduct constituted protected speech, Plaintiff fails to plausibly allege any facts indicating that Detective Villagomez's act of seeking an arrest warrant was substantially motivated by his opposition to Plaintiff's act of reporting what she believed was criminal conduct.  Asked to state her direct evidence that each person who allegedly retaliated against Plaintiff had a motivation to do so for exercising her constitutional rights, Plaintiff replied merely "Direct evidence."  (Doc. No. 15, p. 3 ¶ 6(i).)  Additionally, Plaintiff's retaliation allegation against Lieutenant Delgado fails to state a viable claim because she alleges only that Lieutenant Delgado harassed her husband in some unspecified manner.  *See* Doc. No. 15, p. 5 ¶ 13(a).  And her claim cannot lie against any supervisory officials because § 1983 does not permit recovery based on a theory of *respondeat superior* and she does not allege any specific retaliatory actions (or indeed any actions at all) by any supervisory officials themselves.  *See Thunderhorse v. Collier*, Civ. No. 4:22-1511, 2024 WL 1056024, at *5-*6 (S.D. Tex. Mar. 11, 2024) (Hanks, J.).

Plaintiff's retaliation claim essentially merges into her claim for malicious prosecution, which the undersigned has already recommended be dismissed without prejudice to Plaintiff's bringing an action in state court.  Additionally, because Plaintiff alleges that the retaliation against her was the bringing of the allegedly false criminal case, her claim fails as a matter of law because an independent intermediary (the state judge or magistrate) allegedly issued the arrest warrant.  This decision to issue the warrant broke any chain of causation that could have supported a retaliation claim, and Plaintiff alleges no facts indicating that the deliberations of the judge or magistrate who issued the arrest warrant (which was never executed) were in some way tainted by any actions of Detective Villagomez or anyone else.  *See Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022); *Prosper v. City of Houston*, No. 4:23-CV-02603, 2024 WL 1184175, at

15 / 20

*5 (S.D. Tex. Feb. 13, 2024) (Bryan, M.J.), *adopted*, 2024 WL 1186722 (S.D. Tex. Mar. 19, 2024).  The district court should dismiss Plaintiff's First Amendment retaliation claim.

### 5.  18 U.S.C. § 2242 does not provide a basis for jurisdiction.

Plaintiff lists 18 U.S.C. § 2242 among the laws which she believes confers jurisdiction for this Court to consider her allegations.  *See* Doc. No. 2, p. 3.  Section 2242, however, does not provide a basis upon which Plaintiff can sue anyone.  That provision allows the federal government (not a state or county) to prosecute people for certain forms of sexual abuse that occur within the special maritime or territorial jurisdiction of the United States or in a federal prison.  It contains no provision for a private cause of action.  Research reveals no case in which any federal court has allowed a civil lawsuit based on § 2242, and many courts have found that the provision does not permit a private right of action.  *See Doe v. Bishop of Charleston*, No. 2:22-cv-00816-DCN, 2022 WL 10067536, at *4-*5 (D.S.C. Oct. 17, 2022) (collecting cases). To the extent that Plaintiff seeks to sue for a violation of her rights under this statute, the district court should dismiss her claim.

### 6.  28 U.S.C. § 2680 does not provide a basis for jurisdiction here.

Plaintiff also lists 28 U.S.C. § 2680 as a basis for jurisdiction, citing its provision regarding "abuse of process."  (Doc. No. 2, p. 3.)  Section 2680 is part of the Federal Tort Claims Act, which generally allows people to sue the federal government under certain circumstances for injuries or damage that is caused by the federal government or its employees.  The "abuse of process" provision cited by Plaintiff is found in 28 U.S.C. § 2680(h), but it addresses the federal government's waiver of sovereign immunity from suit against it in cases where a federal investigative or law enforcement officer has committed the tort of abuse of process.  The provision does not address or apply to lawsuits against state or local government actors or to

16 / 20

individuals who are not federal investigative or law enforcement officers.  Here, Plaintiff

clarified in her questionnaire response that she is not suing any federal investigative or law

enforcement officer, and she does not identify any federal connection to her lawsuit.  *See* Doc.

No. 15, p. 4 ¶¶ 11(a), 11(b).  The district court should therefore dismiss Plaintiff's claim to the

extent it is based on § 2680.

### 7.  *The district court should decline to exercise supplemental jurisdiction over Plaintiff's liberally construed state law claims.*

As noted above, Plaintiff asserts that Detective Villagomez and Lieutenant Delgado

should be criminally prosecuted for, among other things "falsifying documents (libel, defamation

and slander)."  (Doc. No. 15, p. 4 ¶ 10(b).)  Plaintiff has no constitutional right to have someone

else prosecuted, but to the extent this allegation could also be liberally construed as raising a

defamation, libel, or slander claim under Texas law for the allegedly false arrest warrant, *see*

Doc. No. 15, p. 4 ¶ 10(b), the district court should decline to exercise supplemental jurisdiction

over it, as well as any state law claim for malicious prosecution.  *See* 28 U.S.C. § 1367(c)(3).

These are state law claims.  *See Petty v. Portofino Council of Co-Owners, Inc.*, 702 F. Supp. 2d

721, 725 (S.D. Tex. 2010) (Jack, J.)).  The general rule in this circuit is that state law claims

should be dismissed when the federal claims to which they are pendent are dismissed – as is

being recommended here.  *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580,

585 (5th Cir. 1992); *see also Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595,

602 (5th Cir. 2009) (citing *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)

("The general rule is that a court should decline to exercise jurisdiction over remaining state-law

claims when all the federal-law claims are eliminated before trial ….").

17 / 20

There is no federal interest in adjudicating Plaintiff's state law claims.  No significant amount of federal resources have been devoted to this Court's consideration of Plaintiff's state law claims, *cf. Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing common law factors of judicial economy, convenience, fairness, and comity in deciding whether to retain supplemental jurisdiction over state claim), and there is no reason to retain this case in federal court.  The undersigned recommends that the district court dismiss Plaintiff's state law defamation, libel, slander, or malicious prosecution claims without prejudice to her raising those claims in a state court.  *Cf. Lucky Tunes #3, L.L.C. v. Smith*, 812 F. App'x 176, 184-85 (5th Cir. 2020) (dismissal of claim without prejudice, when based on decision not to exercise supplemental jurisdiction).[6]

### E.  Leave to amend.

 The undersigned is recommending dismissal of Plaintiff's claims.  "When the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint."  *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995).  But leave to amend need not be granted if amendment would be futile – for example, if an amended complaint would still fail to state a claim upon which relief

---

[6] The undersigned notes that a one-year statute of limitations applies to Texas claims for malicious prosecution, libel, or slander.  *See* Tex. Civ. Prac. & Rem. Code § 16.002(a) (specifying statute of limitations for actions based on malicious prosecution, libel, or slander).  A Texas action for malicious prosecution accrues on the date the prosecution ends.  *See Mead v. Prop. Owners Ass'n of Terlingua Ranch, Inc.*, 410 S.W. 3d 434, 438 (Tex. App. – El Paso 2013, no pet.).  A Texas action for defamation accrues on the date the defamatory statement is published or circulated.  *See Hogan v. Zoanni*, 627 S.W.3d 163, 172 (Tex. 2021).  The so-called "discovery rule" applies to defamation, slander, and libel causes of action when the allegedly defamatory statement is inherently undiscoverable or not a matter of public knowledge.  *See Houston Tennis Ass'n, Inc. v. Thibodeaux*, 602 S.W.3d 712, 715 (Tex. App. – Houston [14th Dist.] 2020).  Plaintiff states that she learned of the allegedly false arrest warrant on an unspecified date in April 2023, *see* Doc. No. 15, p. 2 ¶ 4(b), and she filed this suit on April 16, 2024.  (Doc. No. 1.) The filing of a federal suit tolls a state statute of limitations during the pendency of the federal suit, plus 30 days after a federal court's dismissal of that state law cause of action.  *See* 28 U.S.C. § 1367(d).

may be granted.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment is adequate justification to refuse to grant leave to amend).

Here, Plaintiff has had the opportunity to explain her claims by answering the Court's detailed questionnaire, and the undersigned believes that she has pleaded her best case.  The undersigned concludes that it would be futile for Plaintiff to attempt to amend her claims for failure to prosecute or investigate MR, her claims related to the grand jury proceeding, her claims for denial of her alleged right to testify before the grand jury, or her malicious prosecution or retaliation claims.  But the time to file objections to this memorandum and recommendation (discussed below) will allow Plaintiff the opportunity to explain how she would cure the deficiencies identified in this opinion and thus show the Court that her case should not be dismissed without leave to amend.  *See Justice v. PSI-Intertek*, No. 3:20-cv-3172-S-BN, 2021 WL 6297610, at *5 (N.D. Tex. Dec. 15, 2021), *adopted*, 2022 WL 60334 (N.D. Tex. Jan. 5, 2022) (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam)).  The district court should therefore decide whether to grant leave to amend only after reviewing any objections to this memorandum and recommendation.

### F.  Conclusion and recommendation.

The district court should DISMISS Plaintiff's claims.  Dismissal of Plaintiff's liberally construed claims for malicious prosecution, defamation, libel, or slander should be without prejudice to her raising any such claims in state court.  Dismissal of all other claims should be with prejudice if Plaintiff is not granted leave to amend.

### G.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and

19 / 20

Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on July 21, 2024.

MITCHEL NEUROCK
United States Magistrate Judge