Case 2:24-cv-00088   Document 22   Filed on 04/15/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HEATHER NEISEN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00088 |
| | § | |
| NUECES COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"), which recommends dismissal of Plaintiff's suit for failure to state a claim. (D.E. 20, p. 19). Plaintiff has filed written objections to the M&R. (D.E. 21). After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 21), and **ADOPTS** the M&R in its entirety, (D.E. 20).

### I. Background

Pro se Plaintiff Heather Neisen sued Defendants Corpus Christi Police Department, Nueces County, and the City of Corpus Christi. (D.E. 1). Plaintiff supplemented the facts in her original pleading by responding to a questionnaire. (D.E. 15).

Magistrate Judge Neurock recommends that the Court dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. (D.E. 20, p. 19). Plaintiff timely objected. (D.E. 21). Among other things, she objects that Judge Neurock misinterpreted or overlooked important facts, and that 42 U.S.C. § 1983 provides a valid basis for her suit. *Id.* at 1–2.

### II. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). However, "[a]n objection must point out with particularity the alleged error in the Magistrate Judge's analysis" to warrant de novo review. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.); *see* FED. R. CIV. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (first citing *Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992); and then citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

As to any portion of a Magistrate Judge's findings and recommendations to which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### III. Analysis

Plaintiff's objections fail to point out with particularity any error in the M&R. Accordingly, the Court overrules Plaintiff's objections, (D.E. 21), and adopts the M&R, (D.E. 20).

#### A. Plaintiff's first objection merely re-urges facts in her complaint.

Plaintiff's first objection is that the M&R "appears to misinterpret or overlook critical facts." (D.E. 21, p. 1). In support of this, she states that she gave sufficient evidence to show that Defendants failed to prosecute her ex-husband and that she was subjected to a false criminal

charge. *Id.*

However, the M&R addresses each of these issues. As to Plaintiff's claim for failure to prosecute, Judge Neurock stated that "Plaintiff does not have a constitutional right to have someone else prosecuted" or investigated. (D.E. 20, p. 9). And the M&R recommends that her retaliation claim be dismissed because "Plaintiff fail[ed] to plausibly allege any facts indicating that Detective Villagomez's act of seeking an arrest warrant was substantially motivated by his opposition to Plaintiff's act of reporting what she believed was criminal conduct." *Id.* at 15. Finally, though the M&R recommends dismissal of these claims in *this Court*—a federal court—the M&R recommends that these claims be dismissed without prejudice to Plaintiff bringing suit in state court. *Id.* at 14–15.

Plaintiff's objection merely re-urges these facts, without providing additional evidence. *Compare* (D.E. 1, p. 4), *with* (D.E. 21, p. 1). These facts were adequately addressed by the M&R, and Plaintiff did not point out any error in Judge Neurock's reasoning. Accordingly, this objection is overruled.

**B. Plaintiff similarly re-urges that 42 U.S.C. § 1983 provides a basis for her suit.**

The M&R acknowledges that Plaintiff purported to bring a suit under § 1983. (D.E. 20, p. 1). Nonetheless, it recommended her claims under § 1983 be dismissed because Plaintiff does not have a viable malicious prosecution claim under the Fourth Amendment or the Fourteenth Amendment. *Id.* at 12–14. And the M&R states that Plaintiff cannot bring a retaliation claim under § 1983 because she does not allege specific retaliatory actions by supervisory officials. *Id.* at 15. Again, Plaintiff does not point out the specific error in this assessment and merely re-urges her original claims, which Judge Neurock has already addressed. Accordingly, this objection is overruled.

### C. Plaintiff's remaining objections do not point out an error in the Magistrate Judge's analysis.

Plaintiff states that "the allegations warrant a more thorough investigation rather than an outright dismissal." (D.E. 21, p. 2). Plaintiff asks the Court to consider the obstacles pro se and pro persona litigants face in navigating the legal system and the "broader implications" this dismissal will have on the public interest and the accountability of law enforcement. *Id.* In short, Plaintiff asks the Court to abide by broader notions of justice.

The Court recognizes that Plaintiff is proceeding pro se. "To ensure justice and access to the courts, courts interpret pleadings of pro se litigants liberally." *Guy v. City of Corpus Christi*, No. 2:24-CV-00100, 2024 WL 4279376, at *4 (S.D. Tex. Aug. 14, 2024) (Libby, Mag. J.) (citing *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996)), *adopted*, No. 2:24-CV-00100, 2024 WL 4282085 (S.D. Tex. Sept. 24, 2024) (Ramos, J.). While the Court construes Plaintiff's pro se filings liberally in her favor, *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court cannot assist Plaintiff with her case, *see Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) ("To give [legal] advice would entail the district court's becoming a player in the adversary process rather than remaining its referee.").

Because these objections do not point out with particularity the alleged error in Judge Neurock's reasoning, Plaintiff's objections are overruled. The M&R, by liberally construing Plaintiff's claims, has adequately ensured that Plaintiff's pro se status is not an insurmountable barrier. *See* (D.E. 20, p. 2, 19). Moreover, as the M&R recommends dismissal without prejudice the liberally construed claims for malicious prosecution, defamation, libel, or slander, Plaintiff is free to seek relief on those claims in state court. *Id.*

### IV. Conclusion

Plaintiff's objections re-urge facts stated in her prior filings and fail to point out with

particularity any errors in the M&R. So, the Court **OVERRULES** Plaintiff's objections. (D.E. 21). Further, Plaintiff fails to explain how she would cure the deficiencies identified by the M&R, so leave to amend would be futile.

Having carefully reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R. (D.E. 20). Accordingly, the Court **DISMISSES** Plaintiff's case. (D.E. 1). In particular, the Court **DISMISSES without prejudice** to her raising her claims for malicious prosecution, defamation, libel, or slander in state court. All other claims are **DISMISSED with prejudice.** The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
April 15, 2025